G. Schwartz *v.* Jeff D. Johnson.   (No. 22)*

(*Nashville.*   December Term, 1925.)

1. **NEGLIGENCE.** Negligence of one in joint enterprise not imputable to another, unless each has authority over agencies employed.

   To impute negligence of one of parties to joint enterprise to the other, each must have authority to control the means or agencies employed to execute common purpose. (*Post, pp.* 589, 590.)

   Cases cited and approved: Nesbit v. Town of Garner, 39 N. W., 516; Koplitz v. St. Paul, 90 N. W., 794.

   Case cited and distinguished: Cunningham v. City of Thief River Falls, 86 N. W., 763.

2. **NEGLIGENCE.** Boy, accompanying another driving automobile, when both were intoxicated, held guest and not party to joint enterprise.

   A boy of twenty years, accompanying another of the same age, while the latter was driving an automobile when both were intoxicated and driving for pleasure, *held* a guest and not a party to a joint enterprise. (*Post, pp.* 590, 591.)

   Case cited and distinguished: Withey v. Fowler Co., 145 N. W., 923.

3. **NEGLIGENCE.** Negligence of driver of vehicle not imputable to occupant, unless latter controls driver.

   The negligence of the driver of a vehicle will not be imputed to an occupant himself without fault, unless the driver is under the control or authority of the occupant. (*Post, p.* 591.)

   Cases cited and approved: Turnpike Co. v. Yates, 67 S. W., 69; Knoxville Ry. & Light Co. v. Vangilder, 178 S. W., 1117.

4. **NEGLIGENCE.** Imputation of negligence requires agency on one hand and authority on other.

   To justify the imputation of negligence, there must be agency on the one hand, and authority on the other. (*Post, p.* 591.)

---

Schwartz v. Johnson.

---

**5. NEGLIGENCE.**

One cannot ordinarily be charged with things beyond his power to avoid. (*Post, p.* 591.)

Case cited and approved: Little v. Hackett, 6 S. Ct., 391.

**6. AUTOMOBILES.** "Family purpose doctrine" as applied to automobiles prevails in Tennessee.

The "family purpose doctrine," under which the owner of automobile is held liable for damages resulting from its negligent operation by members of his family, whom he permits to use it, prevails in Tennessee. (*Post, p.* 592.)

Cases cited and approved: King v. Smythe, 204 S. W., 296; Tennessee Cent. R. Co. v. Vanhoy, 226 S. W., 225.

**7. NEGLIGENCE.**

Voluntary intoxication does not relieve one from contributory negligence. (*Post, pp.* 592, 593.)

**8. AUTOMOBILES.** Intoxicated guest, accompanying intoxicated driver of automobile, operated at negligent speed, held negligent precluding recovery for death; "willful negligence."

Intoxicated guest, in accompanying intoxicated driver of automobile driving it at a negligent speed, *held* negligent, precluding recovery for his death, in absence of willful negligence of the driver, which involves deliberation and malice. (*Post, pp.* 592, 593.)

Cases cited and approved: Louisville, etc., R. Co. v. Hall, 5 Tenn. Civ. App., 491; Lynn v. Goodwin, 148 P., 927; Jensen v. Chicago, M. & St. P. R. Co., 233 P., 635; Winston's Adm'r. v. City of Henderson, 200 S. W., 330; Kirmse v. C., T. H. & S. E. R. Co., 127 N. E. 837; Cunningham v. Erie R. Co., 121 N. Y. S., 706.

---

*Headnotes 1. Negligence, 29 Cyc., p. 543; 2. Negligence, 29 Cyc., p. 549; 3. Negligence, 29 Cyc., p. 549; 4. Negligence, 29 Cyc., p. 545; 5. Negligence, 29 Cyc., p. 514; 6. Motor Vehicles, 28 Cyc., p. 39; 7. Negligence, 29 Cyc., p. 534; 8. Motor Vehicles, 28 Cyc., p. 47.

---

FROM SHELBY.

Appeal from the Circuit Court of Shelby County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—Hon. M. R. PATTERSON, Judge.

WALTER S. DUGGER, for plaintiff.

W. P. ARMSTRONG, for defendant.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

The defendant Jeff D. Johnson, a citizen of Memphis, was the owner of an automobile which he permitted his son Jeff D. Johnson, Jr., to use. The younger Johnson, a boy about twenty years old, was out in the car with Edward Schwartz, another boy about the same age. The Johnson boy was driving the car, and there was a collision between this car and a truck, by which the Schwartz boy was killed. This suit was brought by the administrator of Edward Schwartz, seeking to hold the elder Johnson liable for negligence of the younger Johnson in the operation of the automobile resulting in the death of young Schwartz.

The trial judge submitted the case to the jury, and there was a verdict for defendant. From a judgment founded on this verdict, the plaintiff took the case to the court of appeals and assigned several errors on the charge. The court of appeals found it unnecessary to consider these errors. That court was of opinion that a directed verdict should have been ordered for the defendant below, that plaintiff was not entitled to recover

on any theory of the case, and that therefore any errors in the charge were immaterial. Plaintiff has filed a petition for *certiorari* to review the action of the court of appeals.

The two young men, Edward Schwartz and Jeff D. Johnson, Jr., got together in the afternoon about four o'clock. They were riding around in the car, drinking whisky, visiting picture shows, and otherwise enjoying themselves until about ten o'clock at night. At that time, while driving along a street not very well lighted, at a high rate of speed, the Johnson boy operating the car, it ran into a truck. The Johnson car was overturned, young Schwartz killed, and young Johnson injured. There is no dispute about the facts. Young Johnson testifies that he and the Schwartz boy had taken about twelve drinks of white corn whisky each during the time they were together on the day of the accident, and the testimony of others is that both boys were intoxicated to a considerable extent.

The court of appeals was of opinion that the boys were engaged in a joint adventure, and that for this reason, as well as the contributory negligence of the Schwartz boy in getting into an automobile operated by a drunken man, there could be no recovery, and that there should have been a directed verdict for defendant.

We doubt if this is a case of joint enterprise, in which the negligence of the driver of the car in respect to its operation could be imputed to his companion. The car belonged to the elder Johnson, who allowed it to be used by his son, and the son was running the car. It does not appear that the Schwartz boy was undertaking to direct the operation of the car, or had any authority so to do.

A witness who saw the car just before the collision said that Schwartz was sitting at the side of young Johnson, not interfering with the driving of the latter. Other circumstances appear in the proof, which it is useless to detail, and from all of this we are not able to conclude that young Schwartz was anything more than the guest of young Johnson, riding in a car of which the latter had full control.

Under such proof, there is no joint adventure. In a joint enterprise, in order to impute the negligence of one of the parties to the other, each must have authority to control the means or agencies employed to execute the common purpose. *Nesbit* v. *Town of Garner*, 39 N. W., 516, 75 Iowa, 314, 1 L. R. A., 152, 9 Am. St. Rep., 486; *Koplitz* v. *St. Paul*, 90 N. W., 794, 86 Minn., 373, 58 L. R. A., 74.

"Parties cannot be said to be engaged in a joint enterprise, within the meaning of the law of negligence, unless there be a community of interest in the objects or purposes of the undertaking and an equal right to direct and govern the movements and conduct of each other with respect thereto. Each must have some voice and right to be heard in its control and management." *Cunningham* v. *City of Thief River Falls*, 86 N. W., 763, 84 Minn., 21.

The foregoing from the supreme court of Minnesota has been frequently cited and carried into the text-books, and is, in our opinion, a sound statement of law.

Tested by these rules, the two boys were not joint entrepreneurs. It does appear that, on a previous trip the boys had made, young Schwartz drove the car part

of the time. On this occasion, however, we cannot see that he was anything more than a guest.

"It is somewhat difficult to state a comprehensive definition of what constitutes a joint enterprise as applied to this class of cases, but is perhaps sufficiently accurate for present purposes to say that to impute a driver's negligence to another occupant of his carriage, the relation between them must be shown to be something more than host and guest, and the mere fact that both have engaged in the drive because of the mutual pleasure to be so desired does not materially alter the situation." *Withey* v. *Fowler Co.*, 145 N. W., 923, 164 Iowa, 377.

It is settled by our own cases that the negligence of the driver of a vehicle will not be imputed to an occupant of the vehicle himself without fault, unless the former be under the control or authority of the latter. *Turnpike Co.* v. *Yates*, 67 S. W., 69, 108 Tenn., 429; *Knoxville Ry. & Light Co.* v. *Vangilder*, 178 S. W., 1117, 132 Tenn., 487, L. R. A., 1916A, 1111. The underlying principle of the cases holding the negligence of one of the parties to a joint adventure imputable to the other must be that each of the parties is the agent of the other, that each is entitled to direct the other in the prosecution of the common enterprise. Thompson on Negligence, section 506. As seen above, no such relation existed between the two boys in the case before us with respect to the right to manage the automobile.

To justify the imputation of negligence, there must be agency on the one hand, authority on the other. One cannot ordinarily be charged with things beyond his power to avoid. See *Little* v. *Hackett*, 6 S. Ct., 391, 116 U. S., 366, 29 L. Ed., 652.

The family purpose doctrine, under which the owner of the car is held liable for damages resulting from its negligent operation by members of his family whom he permits to use it, prevails in Tennessee. *King* v. *Smythe,* 204 S. W., 296, 140 Tenn., 217, L. R. A., 1918F, 293. One driving a car must use ordinary care for the safety of his guest. *Tennessee Central R. Co.* v. *Vanhoy,* 226 S. W., 225, 143 Tenn., 312.

It is apparent from the proof that the accident in which young Schwartz lost his life resulted from the negligent speeding of this car by the Johnson boy. The plaintiff therefore has made out a case for the jury, unless the suit be barred by the contributory negligence of his intestate, and we think the court of appeals rightly held that it was so barred.

According to the undisputed proof, these boys had taken about twelve drinks of whisky each, during five or six hours preceding the accident. Both were intoxicated. Intoxication does not relieve one from contributory negligence. *Louisville, etc., R. Co.* v. *Hall,* 5 Tenn. Civ. App., 491; Thompson on Negligence, section 2935. When one gets into an automobile which is to be operated by a drunken driver, through the traffic of a populous city, such person takes his life in his hands. All the authorities are to the effect that such contributory negligence prevents a recovery by one taking such a chance, if he is injured as a result of the driver's negligence. *Lynn* v. *Goodwin,* 148 P., 927, 170 Cal., 112, L. R. A, 1915E, 588; *Jensen* v. *Chicago, M. & St. P. R. Co.,* 233 P., 635, 133 Wash., 208; *Winston's Adm'r* v. *City of Henderson,* 200 S. W., 330, 179 Ky., 220, L. R. A., 1918C, 646; *Kirmse* v.

Schwartz v. Johnson.

*Chicago, T. H. & S. E. R. Co.,* 127 N. E., 837, 73 Ind. App., 537; *Cunningham* v. *Erie R. Co.,* 121 N. Y. S., 706, 137 App. Div., 506.

We do not think there is any showing of willful negli· gence on the part of young Johnson which would relieve the plaintiff's intestate of the effect of his contributory negligence. Willful negligence involves deliberation and malice, and there was nothing of the kind here. The Johnson boy was merely drunk, and his operation of the automobile was not influenced by any evil purpose or design.

The petition for the writ of *certiorari* must be denied.