UNITED STATES FIDELITY & GUARANTY CO. *et al. v.* W. H.
ALLEN, ADMINISTRATOR.

(*Nashville.* December Term, 1928.)

Opinion filed, March 16, 1929.

L. M. Davis, George J. Gale and Wm. Hume for plaintiff in error.

W. A. Guild, for defendant in error.

Mr. Chief Justice Green delivered the opinion of the Court.

This suit was brought by W. H. Allen as administrator of his eleven year old child, to recover damages for the death of the latter who was struck and killed by an automobile. Cloyd Neel seems to have owned the car at the time of the accident and it was operated by an agent of Neel in the business of carrying passengers for hire between Gallatin and Nashville. C. O. Jones and Clay Dillon, doing business as Jones & Dillon, and the United States Fidelity & Guaranty Company, along with Neel, were made defendants to the suit and there was a judgment against all said defendants in the trial court, which was affirmed by the Court of Appeals.

A petition for *certiorari* has been filed by Jones & Dillon and the United States Fidelity & Guaranty Company. The liability of Neel is not contested by this petition but it is insisted that Neel alone is liable.

It appears from the proof that prior to April 26, 1927, the car which killed the little boy was owned and operated as a public conveyance between Gallatin and Nashville by the firm of Jones & Dillon. Pursuant to chapter 729 of the Private Acts of 1925, Jones & Dillon procured from defendant Guaranty Company a bond or insurance policy payable to the State of Tennessee, binding the principals and the insurer to make compensation to those injured in person or property by the negligent operation of such vehicle. The said policy was issued by defendant Guaranty Company December 3, 1926, and ran for one year.

Under the provisions of chapter 729 of the Acts of 1925, any person injured in person or property by the negligent operation of such a motor vehicle is entitled to institute suit jointly against the owner or operator of said machine and the obligor or insurer on said bond or policy.

A rider attached to the policy issued by defendant Guaranty Company contains this language:

"It is further understood and agreed and a part of the consideration of the issuance of this policy that regardless of the name of the party designated as beneficiary, the real beneficiary is the State of Tennessee for the use and benefit of the public as set out in said Act."

On April 26, 1927, about three weeks before the Allen boy was killed, Jones & Dillon sold this particular automobile to defendant Neel and, as stated above, Neel seems to have been operating the car as a public conveyance through his agent at the time of the accident. Although he had been so operating said machine for this length of time, Neel himself had made no attempt to comply with the provisions of chapter 729 of the Acts of 1925, had filed no bond for the protection of the public as required by that statute, and the machine still bore the license plates issued to Jones & Dillon by the County Court Clerk of Davidson County. None of the parties had given notice to the County Clerk of any change of ownership in the car, nor had any assignment of the policy or bond issued to Jones & Dillon been made to Neel.

Upon the facts stated, we think the courts below properly held Jones & Dillon and the defendant Guaranty Company liable.

(1) Chapter 149 of the Acts of 1919, section 23, provides:

"That every dealer or other person selling an automobile, auto truck, motorcycle, electric automobile or truck, or other motor vehicle, either new or secondhand, to any person in the State of Tennessee, shall within three days from date of sale notify the County Court

Clerk of said sale, giving the name and address of purchaser, make, horse power, and number of motor vehicle.''

Section 24 of said Act provides that any person who fails or refuses to notify the County Court Clerk of such sale and who fails or refuses to otherwise comply with the provisions of section 23 shall be liable to fine, etc.

(2) Our statutes requiring the registration of automobiles were enacted not alone for revenue purposes but as a means of identification of the owner of any machine negligently operated to the damage of person or property and by way of protection to those so injured by such negligent operation.

(3) Chapter 162 of the Acts of 1921 and chapter 59 of the Acts of 1923 provide that in an action for damages inflicted by the operation of an automobile, proof of registration of such car in the name of any person is *prima-facie* proof of ownership, and that proof of ownership is *prima-facie* evidence that the car was being operated under the authority and on the business of the registered owner at the time the damages were inflicted.

(4) In the case before us, Jones & Dillon made no attempt to comply with the provisions of section 23 of chapter 149 of the Acts of 1919. They ignored the requirement which the law attached to every sale of an automobile. The statute makes such conduct penal.

Since the policy of the law has been so plainly declared by the statutes referred to, we think neither Jones & Dillon nor their insurer can be permitted to denude themselves of liability for the negligent operation of an automobile which has been disposed of in a manner forbidden by law. Jones & Dillon cannot be permitted to set up illegal conduct to escape responsibility imposed by statute upon the registered owner of an automobile.

*(5)* It is asserted by defendant Guaranty Company that its liability should be measured by the liability of Jones & Dillon to the extent of the policy. We think that much is true but the liability of defendant Guaranty Company might very well be rested on another ground. The rider attached to the policy issued sets out that the real beneficiary of said policy is the State of Tennessee for the use and benefit of the public. This being true, the rights of the public would be similar to those of a mortgagee under a fire insurance policy bearing the standard mortgage clause. A transfer of the interest of the mortgagor or other acts by the mortgagor might avoid the policy as to him, but such conduct on the part of the mortgagor would not affect the rights of the mortgagee without notice. *Laurenzi* v. *Insurance Co.,* 131 Tenn., 644; Joyce on Insurance, 2nd Ed., sec. 2795.

For the reasons stated, the petition for the writ of *certiorari* is denied.