J. P. Leonard *et al. v.* E. F. Finney.

(*Knoxville,* September Term, 1931.)

Opinion filed November 14, 1931.

CALDWELL, BROWN & O'DELL and CURTIN & HAYNES, for plaintiff in error.

HARRY L. GARRETT and J. L. STERN, for defendant in error.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This appeal is from a judgment for damages suffered in an automobile collision. Plaintiff Finney sued J. P. Leonard, who was driving the car, and Hagan-Wells Motor Company, who had shortly before sold the car to him; also, General Motors Acceptance Company, who had reclaimed the car from a former purchaser in Pennsylvania and placed it for sale with Hagan-Wells Company on commission. Leonard was not served, and the trial judge found no liability against the Acceptance Company, so that no judgment was given against them. The case was heard on an agreed statement of facts, and judgment was rendered against Hagan-Wells Company for the damages, who have appealed, liability being predicated on their failure to have complied with the provisions of Sec. 23, Chap. 149 of the Acts of 1919, which reads as follows: "That every dealer or other person selling an automobile, auto truck, motorcycle, electric automobile or truck, or other motor vehicle, either new or sec-

ond-hand, to any person in the State of Tennessee, shall within three days from date of sale notify the county court clerk of said sale, giving the name and address of purchaser, make, horse power, and number of motor vehicle.''

Counsel for plaintiff rely on the opinion of this court dealing with this Act in *U. S. Fidelity & Guaranty Co.* v. *Allen,* 158 Tenn., 504. For Hagan-Wells Company it is insisted that this authority is without application to the facts here appearing.

It is said, first, that by the terms of the Act the seller is given three days in which to give the required notice to the County Court Clerk, that no penalty could attach, or liability accrue, until the expiration of this time, and that there is no evidence of this default. The agreed state of facts fixes the accident on March 14th, and recites that the car was brought into this State from Virginia by the Acceptance Company and delivered to Hagan-Wells Company for sale ''on or about March 1st,'' but the statement of facts is wholly silent as to the date of the sale. Counsel for plaintiff fix the date of the sale on March 10th and refer for support to page one of the record, on which page appears only the magistrate's warrant, which does set out the date of the sale as ''on or about 10th day of Mar., 1930.'' This allegation in the warrant is not, however, evidence of this fact, and the date of sale does not otherwise appear. Violation of this penal statute here invoked has not therefore been affirmatively proven.

But it is further insisted that the instant case is to be distinguished from the Allen case, *supra,* in this, that in the Allen case the car in question had been registered by the former owners in their names and not

only had the sale not been reported to the Clerk, as required by the Act of 1919, *supra,* but registration had been allowed to stand in the names of the sellers. The rule of *prima-facie* proof of ownership and responsibility was therefore invoked and applicable. It is, however, said that this element of registration in the name of the former owner is lacking here, and that this is a determinative distinction; that the reasoning of the opinion in the Allen case based on this element of registration is without application when the car has been recently brought into this State for the purpose of sale, and had never been previously used or registered in Tennessee.

In the Allen case, *supra,* the cumulative facts showed an aggravated disregard of our statutes designed to protect the public. The owners of the car registered in their names sold it *three weeks* before the accident, and had made no attempt to comply with the statute requiring notice to be given of the sale. The provisions for notice to the public of a transfer of ownership were wholly disregarded. The sellers were therefore holding themselves out as the owners, and on these facts it was held that they would not be permitted to denude themselves of that liability which *prima-facie* was theirs. It was said of the former owners and sellers, "Jones & Dillon cannot be permitted to set up illegal conduct to escape responsibility imposed by statute upon *the registered owner* of an automobile." The language of the opinion which we now italicize is plainly indicative of the essential emphasis to be placed on the fact of registration in the name of the former owner. The rule applied in that case cannot be properly extended, in enforcement of a penal statute, to the facts now before us. It becomes un-

necessary to discuss an additional assignment questioning the application of the Act of 1919, Chap. 149, to sales made to a non-resident of this State.

For the reasons indicated the judgment must be reversed and the suit dismissed.