C. D. HOLLAND, Admr. of Estate of ODELL HOOPER, deceased, v. LOUIS MORRISON et al.

Middle Section.   November 21, 1931.

Petition for Certiorari denied by Supreme Court, February 13, 1932.

John E. Garner and Jake A. O'Brien, both of Springfield, and A. W. Stockell, of Nashville, for plaintiff in error, Administrator.

Cornelius & McKinney, of Nashville, for defendant in error insurance Co.

CROWNOVER, J. This action was brought by C. D. Holland, Administrator of Odell Hooper, deceased, to recover damages for the wrongful death of Odell Hooper as the result of a collision of a log truck with the truck in which the deceased was riding. The action was brought against Louis Morrison and Jewell Sanford, partners, doing business as the Yellow Truck Line, whose truck caused the wrongful death, and the Employers' Liability Assurance Corporation, Limited, of London, England, which company had insured the Yellow Truck Line against liability for accidents caused by its truck hauling freight. This policy had been secured by the Truck Line to comply with chapter 729 of the Private Acts of 1925 and chapter 58 of the Acts of 1929.

Defendant Insurance Company's special pleas having been stricken and its demurrers overruled, it pleaded not guilty. Defendants Morrison and Sanford pleaded not guilty.

The case was tried by the judge and a jury. At the conclusion of plaintiff's proof in chief defendant Insurance Co. moved the court to direct a verdict in its favor and to dismiss the action as to it, which motion was sustained by the court and the action dismissed as to the Insurance Co.

The jury returned a verdict for $2000 against the other defendants, but they did not appeal.

Plaintiff's motion for a new trial having been overruled, he has appealed in error to this court and has assigned as error the court's action in sustaining said motion for a directed verdict and in dismissing said action as to the Insurance Co.

Louis Morrison and Jewell Sanford, partners, doing business under the name of the Yellow Truck Company, operated a truck line for the hauling of freight for hire between Springfield, Tennessee, and Nashville, Tennessee, and between Springfield and Clarksville, Tennessee, over highway No. 11.

Chapter 729 of Private Acts of 1925 provides that in all counties having a population of more than 110,000 (Davidson County) . . . "it shall be unlawful for any person, firm or corporation to operate any motor vehicle, not running on fixed tracks, for the transportation of passengers or property for hire, between fixed termini, or over a regular route even though there may be periodic or irregular depatures from said termini, without executing bond or providing insurance . . ." "That every person, firm or corporation operating public motor conveyances as aforesaid, shall execute, file and keep with the Clerk of the County Court of the county in which the business, or any part thereof, is to be carried on, a bond, or insurance policy, which shall be renewed annually, payable to the State of Tennessee, with surety approved by the Judge, or Chairman of the County Court, in the sum of $3000 for each car operated in

freight service, and $5000 for each car operated in passenger service, which said bond or insurance policy shall be for the benefit of the public and shall bind the principal and obligor or insurer to make compensation for injury to persons whether passengers or not, and loss of, or damage to property, resulting from the negligent operation of such motor vehicles, and any person injured, or whose property is damaged by such operation of said vehicle, shall have the right to institute suit jointly in the courts of this State against the owner, or operator, of said vehicle and the obligor or insurer.''

Chapter 58 of the Acts of 1929 provides that ''no person, firm, corporation . . . shall operate any motor propelled vehicle . . . for the transportation of persons or property for compensation on any public highway in any town, city or county in this State, without having first obtained from the Railroad and Public Utilities Commission of the State of Tennessee a certificate declaring that the public convenience and necessity warrant such operation . . .''
. . . ''Provided, however, that nothing in this Act contained shall apply to motor vehicles while used exclusively for transporting persons to or from schools, Sunday Schools, churches, religious services, of any kind, upon special prearranged excursions under the auspices of any religious or charitable organization.'' . . . ''That no motor vehicle shall be operated upon any such public highway in this State for the purpose of transporting passengers or property for hire by virtue of such certificate until there shall have been filed with the Commission a bond, indemnity undertaking, or policy of insurance. . . .''

The Yellow Truck Line secured certificates of public necessity and convenience for the operation of its truck line on highway No. 11 between Springfield and Nashville, and between Springfield and Clarksville, and took out a policy of liability insurance in the Employers' Liability Assurance Corp., Ltd., of London, England, which was filed with the Clerk of the Railroad and Public Utilities Commission. The policy was dated May 18, 1929, and expired Nov. 18, 1929.

The policy, among other things, provides:

''EXCLUSIONS. Agreement VI. This Policy shall not cover;
(a) when any of said automobiles are being
. . . . . . .
(4) used for renting or livery use or the carrying of passengers for a consideration.''

Item 1 of Declarations in the Application reads: "Named Assured's business is Truck line operator." Item 2: "The automobiles covered hereby are principally maintained and garaged in the city or town of Springfield, Tennessee, and will be principally used in the city or town of Springfield, Tennessee, and its vicinity." Item 7: None of the automobiles herein described is or will be rented to others or used to carry passengers for a consideration during the period of this Policy."

Attached to said policy is a rider, which is as follows:

"ENDORSEMENT

" (Tennessee)

"AUTOMOBILES AND BUSSES

"Anything in the policy to which this endorsement is attached to the contrary notwithstanding, it is agreed that said policy insures the owner of the Motor Vehicles therein described and the State of Tennessee for the benefit of the public and binds the insurer to make compensation for loss of or damage to property resulting from the negligent operations of the Motor Vehicles therein described; and that any person injured or whose property is damaged by such operation of said vehicles shall have the right to institute suit jointly in the courts of Tennessee against the owner or operator of said vehicles and the insurer.

"Said policy and this endorsement are issued to comply with House Bill No. 1325, Chapter 729 of the Private Acts of Tennessee, year 1925. All terms and provisions of the policy to remain in full force applicable.

"All other terms and conditions remain unchanged.

"Attached to and forming a part of Policy No. 569898 issued by the Employers Liability Insurance Company to Yellow Truck Line.

"Agent P. H. HICKS COMPANY,

"Signed P. H. Hicks Co.,

"By John J. Brady."

On or about August 1, 1929, the First Missionary Baptist Church, colored, of Springfield, made a contract with the Yellow Truck Line by which the Truck Line agreed to rent a Reo truck (insured by said policy) and furnish a driver for same to the Church, for the sum of fifteen dollars for the day, to transport the members of the Sunday School of said Church to and from a picnic to be held on the Washington farm on the road from Springfield to Clarksville, Tenn.

On the morning of August 1st. the Reo truck of the Yellow Truck Line, carrying members of the Sunday School to the picnic grounds, at a point several miles from Springfield, on the Coopertown Pike

(not highway No. 11) collided with a log truck and Odell Hooper was thrown from the Reo truck and run over by same and killed.

His administrator brought action against the Truck Line and the Insurance Company.

The position taken by the Insurance Company, and sustained by the trial court, was that the express provisions of the policy excluded coverage while the truck was being "used for renting or livery use or the carrying of passengers for a consideration."

It is the insistence of the plaintiff that the provisions of the policy were superseded and canceled by the rider, which rider, it is asserted, authorized the use of the vehicle for bus purposes, which is the transportation of passengers for hire.

We have read this rider with care and are of the opinion that no provision of the policy is superseded or canceled by it, and that the rider adds no new liability.

The effect of this rider is, first, to make the real beneficiary of said policy the State of Tennessee for the use and benefit of the public (U. S. Fidelity & Guaranty Co. v. Allen, 158 Tenn., 504, 14 S. W. (2d), 724) ; second, to add to the policy the right of the injured party to institute suit against both the owner or operator of the vehicle and the insurer; third, to comply with the Act of 1925.

The "exclusions" of the policy are not affected by this rider. As the policy expressly provides that it does not cover said truck while being used for carrying passengers for a consideration, there can be no recovery against the Insurance Company.

The policy is broad enough to cover accidents caused by this truck while being used to haul freight for hire, whether being operated in the manner contemplated by chapter 729 of the Private Acts of 1925 and chapter 58 of the acts of 1929 or not.

Under chapter 729 of the Private Acts of 1925 the Insurance Company could insure a motor vehicle against liability for the transporation of passengers or property for hire, and if the contract covered hauling property for hire it would not cover carrying passengers for hire, and the same would be true with respect to insuring motor vehicles for carrying passengers for hire instead of for hauling freight for hire.

We must take the contract as we find it and cannot add clauses not contemplated by the parties or read into the policy additional liability. 1 Couch's Cyc. of Insurance Law, sec. 184.

It will readily be seen that a contract insuring trucks for hauling freight for hire should not be construed to cover carrying passengers for hire, as it would greatly increase the hazard contemplated by the parties when the contract was made.

"A policy of liability insurance covers any and all liabilities or losses for which insured is legally liable, that it is apparent

were within the intention of the parties as expressed in the terms of the policy, and as construed by the general rules of construction, and it cannot be extended to liabilities or losses which are neither expressly nor impliedly within its terms." 36 C. J., 1079, sec. 51; Cambria Coal Min. Co. v. Travelers' Indemnity Co., 144 Tenn., 469, 234 S. W., 323.

"The insurer cannot be held liable beyond the terms of the policy." 36 C. J., 1084, sec. 57; 1 Couch's Cyc. of Insurance Law, sec. 184.

"A liability insurance company may insert as many reasonable exemption clauses in its policy as it thinks proper or necessary, and liability cannot be fixed upon it for injuries due to risks or causes which have been excepted." 36 C. J., 1087, sec. 62; South Knoxville Brick Co. v. Empire State Surety Co., 126 Tenn., 402, 150 S. W., 92.

The fact that the Act of 1929 excepts motor vehicles transporting persons to and from Sunday School, etc., can have no effect upon this case, as the policy by its express terms does not cover risks incident to the transportation of passengers.

It results that the assignments of errors must be overruled and the judgment of the lower court affirmed. The cost of the cause that accrued in the lower court will remain as adjudged below, but the cost of the appeal is adjudged against plaintiff in error.

Faw, P. J., and DeWitt, J., concur.