P. E. BURRIS v. FARRELL BROS.

Middle Section. November 21, 1931.

Petition for Certiorari denied by Supreme Court, February 13, 1932.

122

Wm. A. Guild, of Nashville, for plaintiff in error.
Montague S. Ross, of Nashville, for defendant in error.

FAW, P. J. At the close of all the evidence on the trial below, the court, on motion of the defendants (William Farrell and Charles Farrell, doing business as Farrell Bros.), directed the jury to return a verdict for the defendants, which was done, and the suit of the plaintiff, P. E. Burris, was dismissed at his cost.

The sole question for decision here is, whether the trial court erred in peremptorily directing a verdict for the defendants?

It appears, without dispute, that late in the afternoon of January 21, 1929, an automobile truck driven by Joseph Farrell, a son of defendant William Farrell, collided with the rear of a Ford automobile in which plaintiff Burris was riding. It is alleged in the plaintiff's declaration that the truck in question was the property of the defendant partnership of Farrell Bros., and it is admitted that it was so registered. The defendant William Farrell was introduced as a witness for plaintiff and testified that he bought the interest of his co-defendant Charles Farrell in the business of Farrell Bros. on the first day of January, 1929, and that Charles Farrell owned no interest in said truck at any time thereafter, but that said truck was his (defendant William Farrell's) individual property on January 21, 1929.

However, it is an undisputed fact that, at the time of the collision, the truck was registered in the name of Farrell Bros., and that no notice of the sale of Charles Farrell's interest therein to William Farrell had been given to the county court clerk of Davidson county as, it is claimed, should have been done pursuant to the Act of

1919, chapter 149, section 23, whereby it is provided that, "every dealer or other person selling an automobile, auto truck, motorcycle, electric automobile or truck, or other motor vehicle, either new or secondhand, to any person in the State of Tennessee, shall within three days from date of sale notify the county court clerk of said sale, giving the name and address of purchaser, make, horse power, and number of motor vehicle."

Joseph Farrell, who was, as before stated, a son of defendant William Farrell, had been driving the truck in question for about two years as an employee of the owner or owners of the business conducted under the name of Farrell Bros.

Upon the undisputed facts thus disclosed by the record, we do not think that the defendants should be permitted to deny that the partnership of Farrell Bros. was the owner of the truck on January 21, 1929. U. S. F. & G. Co. v. Allen, 158 Tenn., 504, 14 S. W. (2d), 724. But it does not necessarily follow from the failure of defendants to notify the county court clerk of the aforesaid sale by Charles Farrell to William Farrell of the interest of the former in the business of Farrell Bros., that either of the defendants is liable in damages to the plaintiff, although there is evidence that plaintiff was injured as he claims. The question of liability or non-liability of the defendants, or either of them, depends upon other considerations, to which we will now advert.

The automobile in which plaintiff was riding when it was struck by defendant's truck was owned and driven at the time by one James West, who stopped his car suddenly in the line of traffic on a crowded street in the City of Nashville without giving a warning to persons following him of his purpose to stop, by extending his left arm as required by the ordinances of the City of Nashville; and it is insisted for defendants that the negligence of West was imputable to plaintiff Burris, and bars the plaintiff's action.

The plaintiff alleged in his declaration that he was riding as a guest of West in West's automobile, and we think the proof tends to support this averment. West is a nephew (or "great-nephew") of plaintiff, and, at the request and for the accommodation of plaintiff, West was taking plaintiff to see a man from whom plaintiff desired to collect a debt. It is insisted that as the trip was being made for the exclusive benefit of the plaintiff, West was driving the car as plaintiff's agent, and, therefore, under the doctrine of respondeat superior, the negligence of West is imputable to plaintiff Burris. We do not think so. The proof tends to show that Burris was not exercising, or attempting to exercise, any control over West as to the manner in which West should operate his (West's) automobile, but merely told West where he (plaintiff) wished to go.

"The negligence of the operator of an automobile is not attributable to a guest or passenger, whether gratuitous or for hire, where such guest or passenger has no right of control over the operator or machine, and exercises no control over either." Berry on Automobiles, 6 Ed., sec. 624, p. 496.

"The fact that the passenger directs the chauffeur where to go and what route to take, does not affect the question. The mere fact that a guest of the owner was permitted to give the chauffeur instructions as to the place to go, did not constitute him the agent of the guest so that his negligence was imputable to the guest." Id., p. 499.

Neither is there room for an application of the doctrine of "joint or common enterprise." "The test in determining the question (of joint enterprise) is whether the persons were jointly operating or controlling the movements of the vehicle in which they were riding. In order that there be such a joint undertaking it is not sufficient merely that the passenger or occupant of the machine indicate to the driver or chauffeur the route he may wish to travel, or the place to which he wishes to go, even though in this respect there exists between them a common enterprise of riding together. The circumstances must be such as to show that the occupant and the driver together had such control and direction over the automobile as to be practically in the joint or common possession of it." Id., sec. 644, p. 514.

The text above quoted from Berry is in accord with the principles stated in Schwartz v. Johnson, 152 Tenn., 586, 590, 280 S. W., 32.

We have responded to the contention that negligence of West was imputable to the plaintiff, for the reason that this contention is presented in the brief for defendant as a reason for affirming the action of the trial judge in directing a verdict for defendant, but the learned trial judge did not rest his action on that ground. The record shows that he rested his action upon a ground of the motion for peremptory instructions, wherein and whereby defendant asserted that "the uncontradicted evidence shows as a matter of law that there was such a deviation from the line of duty by the driver of the truck in this case that even if the driver had been guilty of any negligence, the defendants would not have been liable for such negligence, and that the doctrine of respondeat superior does not apply because it did not happen in the course of the servant's employment."

The proof shows that the business of "Farrell Bros." was conducted at or near the corner of Cedar Street and Seventeenth Avenue in the City of Nashville; that defendant William Farrell had a smokehouse nearby in which he had smoked some meat for the Williams Brokerage Company prior to January 1, 1929, portions of which meat he delivered from time to time wherever the Williams Brokerage Company requested him to deliver it; that in the afternoon of

January 21, 1929, Joseph Farrell, acting under instructions from defendant William Farrell and assisted by a "helper," took a "delivery" of said meat belonging to the Williams Brokerage Company to the State Training & Agricultural School (usually called in the record "the Reformatory") situated on or near the Hydes Ferry Pike north of the City of Nashville; that when defendant William Farrell dispatched the truck on this mission, he instructed the driver, Joseph Farrell, to "come straight back;" that, in compliance with a request made by "the man that had charge of the store-room" wherein the meat was delivered at the Reformatory, Joseph Farrell drove the truck back to Farrell Bros. store by a circuitous route in order to take a boy from the Reformatory to see his sick mother; and that the route thus pursued on the return trip was twenty-eight or thirty city blocks longer than the direct and usual route—the route traveled by the truck on its outbound trip to the Reformatory on that day.

The collision in question occurred at a point more than twelve city blocks east of the Farrell Bros. store, whereas, on the direct and usual route the truck would not have been east of the store at any point.

Although the act of the driver of defendant's truck in taking the boy from the Reformatory to see his sick mother, who was thought to be near death, was commendable, from a humanitarian standpoint, nevertheless he was not, in the course of that journey, doing anything in the service or in the interest of his employer, or within the scope of his employment.

"The general rule is that the voluntary act of a servant in going to the assistance or rescue of another in distress on the highway is not within the scope of his employment. Within this rule the action of a servant in stopping on the highway and attempting to help a disabled car out of the ditch is not within the scope of the employment, and the master is not liable for injuries from the collision of a third person with the servant's car, which he negligently left projecting beyond the center of the road while on his rescue mission." Blashfield's Cyclopedia of Automobile Law, vol. 2, p. 1384.

"If a driver, at the time of causing an accident by his negligent operation of a motor vehicle, is using it to serve the individual purposes of some third person and not those of the owner, the latter will not be liable for such negligence." Id., pp. 1394-1395.

Numerous cases illustrating the rule just stated, and its limitations, will be found at page 1400 et seq. of the volume last cited, and in Berry on Automobiles, 6th Ed., sec. 1386 et seq.

The Tennessee cases are in accord with the doctrine stated in the text quoted from Blashfield, supra. Core v. Resha, 140 Tenn., 408, 412-413, 204 S. W., 1149; Woody v. Ball, 5 Tenn. App., 300; Welch v. Young, 11 Tenn. App., 431, 436, and other cases there cited.

We are of the opinion that, on the facts disclosed by this record, the action of the trial judge in directing a verdict for the defendants was proper, and that the reason given by His Honor for such ruling was sound. '

It results that the assignments of error are overruled and the judgment of the circuit court dismissing plaintiff's suit at his cost is affirmed, and judgment will be entered accordingly. The costs of the appeal will be adjudged against the plaintiff Burris.

## ON PETITION FOR REHEARING.

On a former day of the present term an opinion was filed and a judgment entered in this cause affirming the judgment of the circuit court whereby the plaintiff's suit was dismissed at his cost. Within ten days thereafter a petition for a rehearing was filed on behalf of the plaintiff in error Burris, in which it is stated, in respectful terms, that it is the belief of counsel for the petitioner that this court "misunderstood or overlooked certain material testimony upon vital issues in the case."

Recognizing the possibility at all times of such misunderstanding or oversight on our part, we have re-examined the record and have found no reason to alter the views expressed in our former opinion.

The statements in our former opinion with respect to the manner in which defendant's truck driver deviated from the direct and usual route of travel between defendant's place of business and the Reformatory, and departed from the service of his employer and the scope of his employment, in order to serve the individual purposes of a third person, are supported by undisputed testimony of William Farrell and Joseph Farrell.

William Farrell, although one of the defendants, was introduced by plaintiff as his (plaintiff's) witness, and plaintiff thereby vouched for William Farrell's truthfulness and cannot question his credibility.

Josephy Farrell was a witness for defendants, but, so far as we have been able to discover, he was not discredited by contradictions of plaintiff's witnesses with respect to material issues in the case (when the entire testimony of plaintiff Burris and his witness West is read), and there was no attempt to impeach Joseph Farrell by evidence directed against his general character for veracity.

There is no occasion for us to re-state our views as set forth in our former written opinion.

The petition for a rehearing is denied and dismissed, at the cost of the petitioner.

Crownover and DeWitt, JJ., concur.