BRIGHT *et al. v.* NEAL *et al.*

(*Nashville*, December Term, 1933.)

Opinion filed July 14, 1934.

EMMETT W. BRADEN and THOMAS C. FARNSWORTH, both of Memphis, for plaintiffs in error.

B. H. HURT, of Memphis, for defendants in error.

12

Mr. Justice Cook delivered the opinion of the Court.

Tommy Neal, aged nine years, was riding his father's mule across the highway. A truck driven by R. B. Bright struck and killed the mule and injured the boy. The boy's father, Cleveland Neal, sued for the value of the mule, and the boy, by next friend, sued for personal injuries. The cases were tried together. The circuit court awarded Cleveland Neal $115 for the mule and Tommy Neal $100 for personal injuries. The judgment was against Bright and Newhouse, owners and operatives of the truck. No recovery was allowed in the trial court against the Barber Tire Company, a codefendant. The Court of Appeals reversed the judgment in favor of Barber Tire Company and remanded the cause to the circuit court for another trial as to them.

It was admitted in the trial court that the truck was registered in the name of Barber Tire Company. There is no showing as to whether or not Barber Tire Company gave the notice to the county court clerk of their sale of the truck, as required by chapter 149, Pub. Acts 1919. Upon these facts, without more, Barber Tire Company would be liable. But there is undisputed proof that Barber Tire Company did not own and had no control over operation of the truck. On the contrary, the uncontradicted proof is that Bright and Newhouse bought the truck from Union Chevrolet Company thirty days before the accident, used it in their business at Nashville, and that Bright, acting for Bright and Newhouse, was driving it back to Memphis when the accident occurred.

The Court of Appeals rested its conclusion herein upon the authority of *United States Fidelity & Guaranty Co.*

v. *Allen*, 158 Tenn., 504, 14 S. W. (2d), 724. That decision does not reach the facts of this case. That suit was to recover damages for injuries inflicted by a public conveyance operating under chapter 729 of the Private Acts of 1925.

The licensed and bonded owner and operator of this conveyance had undertaken to make a sale of the vehicle without compliance with section 23 of chapter 149 of the Public Acts of 1919 requiring every person selling an automobile within three days thereafter to notify the county court clerk of said sale, giving the name and address of the purchaser, make, horse power, and number of motor vehicle. Failure to comply with this requirement was made a penal offense. It was held in *United States Fidelity & Guaranty Co.* v. *Allen* that the court would not recognize an attempted sale made in violation of the terms of the statute. A sale, without compliance with such terms, being visited with a penalty, such sale was by necessary implication prohibited under a familiar rule. *Bartlett* v. *Venon*, Carth., 252; *Ohio Life Ins. & Trust Co.* v. *Merchants' Ins. & Trust Co.*, 30 Tenn. (11 Humph.), 1, 53 Am. Dec., 742; *Wetmore* v. *Brien*, 40 Tenn. (3 Head), 723; *Turner* v. *Odum*, 42 Tenn. (3 Cold.), 455; *Perkins* v. *Watson*, 61 Tenn. (2 Baxt.), 173; *Biggs* v. *Reliance Life Ins. Co.*, 137 Tenn., 598, 195 S. W., 174.

The result reached in *United States Fidelity & Guaranty Co.* v. *Allen* is well supported by decisions from other jurisdictions, some of them holding that sales of automobiles made in disregard of formalities prescribed by statute are absolutely void. *State ex rel. Conn. Fire Ins. Co.* v. *Cox*, 306 Mo., 537, 268 S. W., 87, 37 A. L. R., 1456; *Morris* v. *Firemen's Ins. Co.*, 121 Kan., 482, 247 P., 852,

52 A. L. R., 696; *Endres* v. *Mara-Rickenbacker Co.*, 243 Mich., 5, 219 N. W., 719. See annotations following the two cases first cited as reported in 37 A. L. R., 1465 and 52 A. L. R., 701.

No question was made in *United States Fidelity & Guaranty Co.* v. *Allen* that the conveyance was not being operated in the owner's business at the time of the accident. Indeed, such question could not have been raised. The vehicle was being used as a public conveyance in the business for which it was licensed and bonded, under the former owner's license and bond, with the former owner's permission. Thus permitting the conveyance to be continued in operation, in his own name, and in the very business to which he had devoted and bonded it, the former owner naturally could not say the vehicle was not used in his business.

If it be conceded that the vehicle here was still in law the property of the original owner, still there is no showing that it was being used in connection with any business of his. He had sold the vehicle to a dealer and the dealer had sold it to a third person. The truck was not being used in a business which by his license and his bond the former owner represented to the public was a business of his own. To hold the owner of an automobile liable for its operations, it must be ordinarily shown that the driver was, at the time of the accident, in the master's business and acting within the scope of his employment. *Goodman* v. *Wilson*, 129 Tenn., 464, 166 S. W., 752, 51 L. R. A. (N. S.), 1116.

It appearing from the undisputed proof that the driver was not the agent or employee of the registered owner, but that Bright was using the truck in the business of

Bright and Newhouse when the accident occurred, the Barber Tire Company would not be liable. See annotations, 42 A. L. R., 899; *Baskin & Cole* v. *Whitson*, 8 Tenn. App., 578; *Phillips-Buttorff Mfg. Co.* v. *McAlexander*, 15 Tenn. App., 618; *Frank* v. *Wright*, 140 Tenn., 535, 205 S. W., 434.

The judgment of the Court of Appeals is reversed and that of the trial court affirmed.