BIGGERT *v.* MEMPHIS POWER & LIGHT CO. *et al.*

(*Nashville,* December Term, 1934.)

Opinion filed March 19, 1935.

Jos. H. Norville and Wallace Lopez, both of Memphis, for plaintiff in error.

Waring, Walker & Cox, of Memphis, for defendant Kensinger Chevrolet Co.

Emmett Braden, of Memphis, for defendant Memphis Power & Light Co.

Mr. Justice Chambliss delivered the opinion of the Court.

This suit was brought to recover for personal injuries suffered in an automobile collision on the streets of Memphis on March 8, 1933. Plaintiff sued jointly Memphis Power & Light Company, Kensinger Chevrolet Company, and Henry B. Frank. The jury awarded $250 damages against the three defendants. The court granted a new trial to the Power & Light Company and the Kensinger Company, and entered a judgment against Frank, which was not appealed from.

On the rehearing of the case it was tried before the circuit judge without a jury on a stipulation of facts, and by him dismissed as to both the Power & Light Company and Kensinger Company. Plaintiff appeals.

It is stipulated that the car involved was being driven by Frank at the time of the accident on a personal mis-

sion; that Frank was the owner of the car, having purchased it on February 24, 1933, from Kensinger Company, automobile dealers of Memphis; that the car had been owned in 1932 by the Power Company, but had been sold by it to the Kensinger Company on January 26, 1933, and that it had not been used in the business of the Power Company since that date; also that it had not been used in the business of the Kensinger Company, or by it, since its sale of it to Frank on the 24th of February, 1933.

It is further stipulated that the license plate on the car at the time of the accident was for the year 1932, and had been purchased by the Power Company, the then owner; that the Power Company had not notified the county court of its sale of the car to Kensinger Company, as provided by Code, sec. 1154, and had delivered the car upon its sale with the expired license attached to it; and that the Kensinger Company did not report this purchase at the time to the county court clerk as provided for by Code, sec. 1154. The stipulation further recites:

"The Kensinger Chevrolet Company used the automobile on the streets of the City of Memphis for demonstration purposes for resale under its Dealer Number Plates from January 26, 1933, to February 24, 1933, and sold the said automobile to H. B. Frank on February 24, 1933. The Kensinger Chevrolet Company, within three days after the sale to H. B. Frank, reported the sale of this car, together with certain other sales of automobiles made by it, to the County Clerk which report is there on file. Through a clerical error in the office of the Kensinger Chevrolet Company, the name of the purchaser was listed as Henry Bloompot, instead of H. B.

Frank, but the license or registration number and motor number were correctly given, and the address of the purchaser was the address of H. B. Frank, and information that it was a used car, the type, make, horsepower, etc. H. B. Frank did not report the purchase of the car to the Clerk.

"The Kensinger Chevrolet Company had made application for and received through the County Court Clerk 'Dealers Number Plates' for the Year 1933, in conformity with Code 1932, sec. 1157. These number plates were used on this Ford automobile while it was in the possession of the Kensinger Chevrolet Company, by placing said Dealers Number Plate over the 1932 registration numbers. This defendant is a licensed dealer in new and used automobiles in Memphis, Shelby County, Tennessee."

It will be seen that we have here a case in which it is stipulated that (1) the driver was the owner of the car, and (2) was using it on a personal mission, not in any agency, permissive or other representative capacity. All questions of both ownership and agency being settled by this stipulation, our statutes establishing *prima facie* ownership and agency in a registered owner are without application.

*United States Fidelity & Guaranty Co.* v. *Allen*, 158 Tenn., 504, 14 S. W. (2d), 724, is not contra or controlling. There the bus was being driven by an agent of the owner and on the business of the owner. The question was who was to be treated as in law the owner. This court denied to the *registered* owner the right to repudiate its ownership, established *prima facie* by application of the statutory provisions now contained in Code, secs. 2701, 2702, for the reasons assigned in that opinion. The

registered owner being thus held to be in law the *owner*, and the driver being the agent and on the business of the owner, liability followed.

The determinative distinction is clearly recognized and applied in the recent case of *Bright et al.* v. *Neal, et al.*, 168 Tenn., 11, 14, 73 S. W. (2d), 686, 687. This language of Mr. Justice COOK, speaking for the court in that case, is directly in point here:

"If it be conceded that the vehicle here was still in law the property of the original owner, still there is no showing that it was being used in connection with any business of his. He had sold the vehicle to a dealer and the dealer had sold it to a third person. The truck was not being used in a business which by his license and his bond the former owner represented to the public was a business of his own. To hold the owner of an automobile liable for its operations, it must be ordinarily shown that the driver was, at the time of the accident, in the master's business and acting within the scope of his employment. *Goodman* v. *Wilson*, 129 Tenn., 464, 166 S. W., 752, 51 L. R. A. (N. S.), 1116.

"It appearing from the undisputed proof that the driver was not the agent or employee of the registered owner, but that Bright was using the truck in the business of Bright and Newhouse when the accident occurred, the Barber Tire Company would not be liable. See annotations, 42 A. L. R., 899; *Baskin & Cole* v. *Whitson*, 8 Tenn. App., 578; *Phillips-Buttorff Mfg. Co.* v. *McAlexander*, 15 Tenn. App., 618; *Frank* v. *Wright*, 140 Tenn., 535, 205 S. W., 434."

In the instant case there is not only "no showing that it (the car) was being used in any business of" the

former owner, but it is stipulated to the contrary affirmatively.

What has been said has application, not only to the Power Company, but to the Kensinger Company, also. As to it, too, it is stipulated that it was not the owner, and that Frank was not driving on its business, but his own. Moreover, we think the action shown to have been taken by the Kensinger Company was a substantial compliance with the statute. It is expressly stipulated that the confusion in names was "a clerical error." And, too, since no license had ever been issued in the name of Kensinger for this car, that company was not within the provisions of Code, secs. 2701, 2702, as to *prima facie* proof of ownership.

 Now, as we understand the argument of counsel for plaintiff Biggert, a theory of liability on the part of these defendants is advanced based on (1) their failure to remove from the car the expired license tag, and (2) their failure to notify the county court of the sales made within three days. As before stated, we think the Kensinger Company complied substantially with this requirement, but, if this were not so, we can discover no causal connection between these omissions and the accident. This is not an action to recover penalties for statutory violations, but to recover damages for personal injuries. If a violation of a statute or law is shown, it must also be shown that such violation in some degree contributed to, or brought about, the injury. Causal connection must appear. This is the general rule. In our leading case of *Queen* v. *Dayton Co.*, 95 Tenn., 458, 32 S. W., 460, 30 L. R. A., 82, 49 Am. St. Rep., 935, holding that a violation of a statute imposing a duty affecting the public within the principles of the criminal

law is not only indictable, but gives rise to a civil action in favor of one who has suffered from said violation, McALISTER, J., makes it clear that a causal connection must be shown between the violation and the injury complained of. So, in *Adams* v. *Inn Co.*, 117 Tenn., 470, 101 S. W., 428, 430, where the Inn Company had failed to provide fire escapes, etc., as required by statute, Mr. Justice SHIELDS said:

"Generally speaking, the violation of a rule of the common law, a statute, or an ordinance of a municipality, or the failure to discharge and perform a duty so imposed in the interest of the public, is actionable negligence, and any one coming within the protection of the law, or intended to be benefited by it, who suffers an injury peculiar to himself, *the proximate cause of which is the violation or nonperformance of the law,* may maintain an action against the offender for the injuries sustained by him." (We have italicized the pertinent line.)

And, as particularly applicable here, in *Black* v. *Moree,* 135 Tenn., 73, 185 S. W., 682, 684, L. R. A., 1916E, 1216, a suit for personal injuries, where defendant had failed to comply with the registration statute then in effect, it was said that "the failure of defendant to register the car did not augment any injury plaintiff may have sustained. . . . Registration would not have prevented the automobile from being on the highway . . . nor would registration have increased or diminished the care with which it was handled." What is known as the Massachusetts rule was disproved by this court, which held, adopting this language from the Supreme Court of Delaware (*Lindsay* v. *Cecchi*, 3 Boyce, 133, 80 A., 523, 35 L. R. A. (N. S.), 699), that "there must be a causal relaton between the violation of a stat-

ute and the injury to render the defendant liable.'' This quotation from the opinion in *Weeks v. McNulty,* 101 Tenn., 495, 48 S. W., 809, 812, 43 L. R. A., 185, 70 Am. St. Rep., 693, was approved: ''The principle is recognized in all the cases that a liability cannot be predicated alone upon the breach of an ordinance, but it must affirmatively appear that the injury sustained resulted proximately from said breach.''

In the instant case no conceivable connection appears. The collision was at night and license plates could not be seen. Their presence or absence could have had no effect whatever, and whether the license tags were for 1932 or 1933 was of no consequence. Nor can it be presumed that either of these defendants intended or contemplated that Frank, or any other purchaser, would continue to use expired 1932 licenses into March, 1933, in open violation of law.

It will have been seen that two independent theories are relied on for plaintiff, one, that the Memphis Power & Light Company is liable for the injuries inflicted by the negligence of Frank, because the Power Company was the *registered* owner, who, under the Allen Case, could not be heard to deny its ownership. But, it being stipulated here that Frank was on a ''personal mission,'' under the Bright Case, it is immaterial who was the owner, registered or otherwise; no agency or master and servant relationship appearing.

The second theory is that all the defendants were parties to a violation of penal statutes requiring registration and notice of transfers and that, independent of questions of ownership or agency, they were therefore liable for any injury resulting from the car being on the highway, that having the car on the highway under

such circumstances was negligence *per se*. But this state does not follow those courts holding that liability arises from a mere violation of a penal statute (known as the Massachusetts rule), unless the violation is the proximate cause of the injury.

For the reasons stated, neither theory is sustained, and the judgment is affirmed.