ENGLISH v. GEORGE COLE MOTOR CO. (two cases).—111 S. W. (2d) 386.

Middle Section. June 26, 1937.

Petition for Certiorari denied by Supreme Court, December 17, 1937.

Walker & Hooker, of Nashville, for plaintiffs in error English.
White & Howard, of Nashville, for defendant in error Motor Co.

CROWNOVER, J. These two actions were tried together in the circuit court by agreement. Mrs. English brought her action against the George Cole Motor Company for damages for personal injuries sustained by her when she was run down on the street by an automobile averred to belong to the defendant motor company. J. F. English, her husband, also brought an action for loss of services and medical expenses as the result of said accident.

The two suits were originally brought against E. D. Herron, Jr.,

in whose name the automobile averred to have struck Mrs. English was registered, and his employer, the Tennessee Electric Power Company. When it developed that E. D. Herron, Jr., did not own said automobile on the date of the accident, and that he had sold it to the George Cole Motor Company, the suits were amended so as to make the motor company a defendant and dismissed as to Herron and the power company.

The defendant pleaded the general issue of not guilty.

At the close of the plaintiffs' evidence, the defendant moved the court for a directed verdict in its favor, which motion was sustained, and the jury was directed to return a verdict for the defendant, which was accordingly done, and judgment was entered dismissing the plaintiffs' actions.

Motions for a new trial having been overruled, the plaintiffs appealed in error to this court, and have assigned as error the court's action in granting peremptory instructions and dismissing the plaintiffs' actions.

The questions of the negligent operation of the automobile and the extent of the injuries of Mrs. English are not before this court on this appeal. The propositions raised on this appeal are: (1) Does the evidence show that Mrs. English was struck by an automobile owned by the defendant motor company and being operated on its business at the time? (2) Does a presumption arise, from the fact of registration in the name of the former owner, that the automobile was being operated on the company's business and for its use and benefit at the time?

E. D. Herron, Jr., of Chattanooga, Tenn., was the owner of a 1931 model Ford coupé. License No. 200—322, for the year 1932, was issued in his name for said automobile by the county court clerk of Hamilton county, Tenn.

In November, 1932, he traded this automobile to the George Cole Motor Company, of Nashville.

The motor company did not procure a transfer of the license number by the State Department through the county court clerk, as required by Code, section 1154.

On the night of January 12, 1933, at about 6 o'clock, on North First street, Nashville, Mrs. J. F. English was run down by a Ford coupé.

Herschel Nance who saw the accident, procured the number of the automobile, ''200—322, Tenn.,'' and wrote it down.

It was not discovered who was driving the automobile.

1. There was no evidence that the automobile was being operated by the defendant motor company's servant for the use and benefit of the defendant and within the course and scope of his employment.

Nance testified for the plaintiffs that the automobile that struck

Mrs. English was a Ford coupé, 1929 model; that he looked at the number and went into a store and wrote the number, "200—322, Tenn.," on a piece of paper. He was confused as to whether the license number was for the year 1932 or 1933, and whether the accident happened in 1932 or 1933, and he was mistaken about the model of the car, but his testimony as to the license number was clear and convincing, and is uncontradicted.

Other testimony for the plaintiff showed that the accident happened in January, 1933; that somebody in the store to which Mrs. English was carried just after the accident phoned the State Department as soon as Nance wrote the number down and was told that license No. 200—322 was registered in the name of E. D. Herron, Jr., of Chattanooga, Tenn. And it was shown by an employee of the vehicle division of the Department of Finance and Taxation of the State that license No. 200—322 for the year 1933 was not issued until May 31, 1933.

It was stipulated at the trial that an automobile bearing license No. 200—322, Tennessee, for the year 1932, which was issued by the county court clerk of Hamilton county, Tenn. in the name of E. D. Herron, Jr., was purchased by the George Cole Motor Company, of Nashville, Tenn., and it bore the same license number, so registered, on January 12, 1933, the date of the accident.

This was sufficient evidence to take the case to the jury on the question of whether or not Mrs. English was run down by the automobile belonging to the George Cole Motor Company.

But to establish liability on the part of the motor company it would have been necessary to also show that the automobile was being operated on the business of the motor company. It must be shown that the automobile was then and there being operated by the defendant's servant for the defendant's use and benefit and within the course and scope of his employment. Core v. Resha, 140 Tenn., 408, 204 S. W., 1149; opinion of the Court of Appeals in the case of Emma Kennedy v. Betty Lou Bakeries,[1] Davidson Law, filed at Nashville on July 8, 1933.

The plaintiffs have failed to show that it was being so operated or that there could be any such presumption.

2. As above shown, there was no direct evidence that the automobile was being driven on the business of the motor company; and the evidence is that it was not registered in its name, therefore the presumption created by the statute (Code, section 2702), that it was being operated by the owner's servant for the owner's use and benefit and within the course and scope of his employment, does not arise; for it arises only upon proof of registration in its name. Woodfin v. Insel, 13 Tenn. App., 493, 496; Jetton v. Polk, 17 Tenn. App., 395, 68 S. W. (2d), 127; Emma

[1] No opinion for publication.

Kennedy v. Betty Lou Bakeries, supra. The statute, being in derogation of the common law, must be strictly construed. Woodfin v. Insel, supra. It is limited in its application to cases wherein there is proof of registration and no proof of agency. Hodges v. West, 8 Tenn. App., 307; Woodfin v. Insel, supra.

 The plaintiffs contend that, since the defendant failed to have the license number transferred, as required by Code, section 1154, the plaintiffs were entitled to the same presumption that they would have been entitled to from proof of the registration of the automobile in the name of the defendant, in accordance with Code, sections 2701, 2702. But the Supreme Court held, in Biggert v. Power & Light Company, 168 Tenn., 638, 643-646, 80 S. W. (2d), 90, that the violation of such a statute, where there is no causal connection between the violation of the statute and the injury, creates no liability.

 "Liability cannot be predicated upon mere violation of statute unless it affirmatively appears that such violation was proximate cause of injury." Biggert v. Power & Light Company, supra.

"Failure of former owner to remove license plates and report sale of automobile held not to authorize recovery by plaintiff when struck by automobile, where former owner's default had no causal relation with negligence of driver of automobile." Biggert v. Power & Light Company, supra.

All the assignments of errors must be overruled. It results that the judgment of the lower court dismissing the plaintiffs' actions is sustained. The costs of the causes including the costs of the appeal are adjudged against Mrs. John English and J. F. English.

Faw, P. J., and Felts, J., concur.