# MRS. ELSIE RICHARDSON HAMILTON v. LON E. PEOPLES.—274 S. W. (2d) 630.

Eastern Section. September 17, 1954.

Petition for Certiorari denied by Supreme Court, December 16, 1954.

386

Shull & Wall, of Elizabethton, for plaintiff in error.

Roy C. Nelson, John L. Bowers, Jr., and Banks, Street & Banks, all of Elizabethton, for defendant in error.

HOWARD, J. This is an action for damages for the death of plaintiff's husband, Charlie Hamilton, age 61, who was killed in an automobile collision which occurred in the intersection of highways 50 and 700 just west of the town of Brooksville, in Hernando County, in the State of Florida, on November 24, 1952, at about 7:15 P.M. Highway 700, an arterial highway, runs north and south, and highway 50, on which the defendant's car was traveling in an eastwardly direction, runs east and west, and for a considerable distance before reaching the intersection this highway is straight with nothing to obstruct a driver's view. The other automobile involved was traveling on highway 700, in a southerly direction, and the estimated speed of each car was 50 miles per hour. The weather was clear and dry. Riding with the defendant at the time were the decedent and two others, Luther Chambers and Horace Treadway, all residents of Carter County, Tennessee. The four were friends of long standing, and had previously gone to Florida for a short vacation, staying at the decedent's cottage near Hernando. Before leaving home, they each contributed $25 to a general fund to defray the expenses of the trip, and in addition thereto the defendant agreed to use his car for transportation. On the date of the accident, the party was returning to Hernando from Tarpon Springs where they had been deep sea fishing, and were traveling over highway 50. Before leaving Tarpon Springs the decedent had suggested that they return by

this highway, which was unfamiliar to the defendant but well known to the decedent, who at the time declined the defendant's request to drive, stating that he had rather not but that he would direct the defendant how to go.

It was admitted that several signs had been erected on highway 50 to warn approaching drivers of the intersection. About 200 yards west of the intersection, there was a ''Slow Dangerous Intersection'' sign about six feet high. Between this sign and within 100 yards of the intersection, there was another ''Junction of Routes'' sign, and there was the usual ''Stop'' sign at the entrance of the intersection. All of these signs were plainly visible. On entering the intersection, where the defendant was directed by the decedent to turn right, the south bound car smashed head-on into the left side of defendant's car, and Hamilton, who was riding in the front seat with the defendant, was killed instantly. Defendant stated he did not know whether he stopped before he entered the intersection or not, as he was knocked unconscious by the force of the impact and remained in this condition for about two weeks.

Plaintiff's declaration alleges (1) common law negligence; (2) statutory and gross negligence, and (3) unlawful and wanton misconduct on the part of the defendant, and it was conceded that the rights and liabilities of the parties were controlled by the substantive law of the State of Florida, being Section 320.59 of the Florida Statutes, Vol. 1, 1941, F.S.A., which reads as follows:

''No person transported by the owner or operator of a motor vehicle as his guest or passenger, without payment for such transportation, shall have a cause

of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been caused by the gross negligence or willful and wanton misconduct of the owner or operator of such motor vehicle, and unless such gross negligence or willful and wanton misconduct was the proximate cause of the injury, death or loss for which the action is brought; provided, that the question or issue of negligence, gross negligence, and willful or wanton misconduct, and the question of proximate cause, and the issue or question of assumed risk, shall in all such cases be solely for the jury; provided that nothing in this section shall apply to school children or other students being transported to or from schools or places of learning in this state.''

The trial resulted in a jury verdict for the defendant, and on the overruling of the plaintiff's motion for a new trial, this appeal was granted and perfected and three errors have been assigned, (1) no evidence to support the verdict, (2) the trial court committed error in his charge, and (3) the trial court erred in refusing to charge plaintiff's Request No. 10.

It is insisted on behalf of the plaintiff that because the decedent contributed equally with the defendant and other occupants of the automobile toward the payment of the expenses of the trip on which the accident occurred, including automotive expenses, and because he furnished his cottage for use of all of the occupants of the car during their sojourn in Florida, the deceased was not a guest within the meaning of the Florida statute quoted above, but was a paying passenger. There is no merit in this contention. The fact that one riding in an

automobile operated by another contributes toward or pays all of the expenses incident to the trip does not constitute such person a paying passenger and remove him from the status of a "guest" within the meaning of the Florida Guest Statute. Yokom v. Rodriguez, Fla., 41 So. (2d) 446; 5 Am. Jur., Sec. 501, p. 787.

 The terms "gross negligence" and "willful and wanton misconduct" as used in the Florida Guest Statute quoted above are held by the Florida courts to be synonymous, and are held to be descriptive of a degree of negligence "evincing a reckless disregard of human life, or of the safety of persons exposed to its dangerous effects; or such an entire want of care as would raise the presumption of a conscious indifference to consequences, or which shows such wantonness or recklessness or such grossly careless disregard of the rights and safety of others as may be equivalent to the intentional violation of them." Burch v. Burr, 157 Fla. 378, 25 So. (2d) 870, 876.

In Nelson v. McMillan, 1942, 151 Fla. 847, 10 So. (2d) 565 the plaintiff was riding as a guest on the front seat of an automobile operated by the defendant. The plaintiff was injured when the defendant entered and undertook to cross an arterial highway without stopping and was struck by an automobile being operated on the arterial highway. The defendant testified at the trial that he saw the stop sign posted at the intersection and reduced his speed but did not stop because he did not see the approach of the automobile which struck him. At the first trial of the case the jury returned a verdict for the plaintiff and upon the defendant's motion the Trial Judge granted a new trial, it being his opinion that the evidence was not sufficient to sustain a finding of

gross negligence or willful or wanton misconduct on the part of the defendant. The granting of the new trial was affirmed by the Supreme Court although that Court stated that it was of the opinion that some of the evidence tended to support such a finding. See McMillan v. Nelson, 149 Fla. 334, 336, 5 So. (2d) 867. At the second trial the jury again returned a verdict for the plaintiff. The Trial Judge overruled the defendant's motion for a new trial and the Supreme Court affirmed the judgment for the plaintiff.

In the present case the evidence is not so strong as that in the case of Nelson v. McMillan, supra. In the instant case it does not appear that the defendant saw any stop sign or knew that he was approaching or entering an arterial highway. On the contrary, it appears from the undisputed evidence that the defendant was entirely unfamiliar with the road on which he was driving in the darkness of night and was relying largely if not entirely upon driving instructions which were being given him by the decedent, who was familiar with the road. The only instructions shown to have been given by the deceased immediately before the accident was that "We are at our intersection here. Turn right." In compliance with this instruction the defendant turned right and the collision ensued.

■ Conceding that in the present case the evidence as to the defendant's negligence was sufficient to indicate that degree of wantonness necessary to take the case to the jury under the Florida Guest Statute, it must also be conceded that the jury was justified in finding under the evidence that the defendant was not guilty of "gross negligence" or "willful or wanton misconduct."

■ ■ Furthermore, under the law of the State of

Florida the contributory negligence of a plaintiff, even though he be a guest in the automobile operated by the defendant, bars his right to recover. Henley v. Carter, Fla. 1953, 63 So. (2d) 192. In the present case there was ample evidence from which the jury might have found that the decedent, knowing that the defendant was unfamiliar with the road and was relying upon him for driving instructions, was guilty of negligence in failing to instruct the defendant to stop at the intersection or to warn him that he was approaching and entering an intersection with a favored arterial highway, and that such negligence approximately contributed to the accident. However, the charge of the court did not permit such a finding by the jury.

The plaintiff next insists that the Trial Court erred in charging the jury that if they should find that at the time of the accident the decedent and the defendant were engaged in a joint enterprise, then in that event the negligence of the defendant would be imputed to the deceased and would bar his recovery in this action. This assignment of error, as well as the third assignment of error, squarely presents the question of whether or not, in a negligence action by one joint entrepreneur against another member of the same joint enterprise, the negligence of the latter is imputed to the former so as to bar a recovery. No case is found in which the Florida appellate courts have passed upon this issue, and in two recent cases the Florida Supreme Court declined to consider it. Knudsen v. Hanlan, 1948, 160 Fla. 566, 36 So. (2d) 192; Yokom v. Rodriguez, supra [41 So. (2d) 447].

In the latter case the Florida Supreme Court said:

"The declaration did not allege facts which show that the appellant and appellee had entered into a joint enterprise; if indeed the existence of such a relationship (under the facts of this case wherein no third party—a person not a party to the alleged enterprise—is involved) would necessarily have caused the negligence of the appellee to have been imputed to the appellant as a matter of law and thus have barred recovery. See 5 Am. Jur. 788, Automobiles, Sec. 502; Bushnell v. Bushnell, 103 Conn.. 583, 131 A. 432, 44 A. L. R. 785; Harber v. Graham, 105 N.J.L. 213, 143 A. 340, 61 A.L.R. 1232; Perry v. Ryback, 302 Pa. 559, 153 A. 770; O'Brien v. Woldson, 149 Wash. 192, 270 P. 304, 62 A.L.R. 436. It is unnecessary for us to decide, and we do not decide the question of whether the negligence of one of the parties to a joint enterprise, of the character of the alleged joint undertaking in the instant suit, is imputable to the other party or parties to said enterprise so as to operate as a bar to an action for damages. * * *''

The authorities cited by the Florida Supreme Court in the above quotation are to the effect that the negligence of one party to a joint enterprise may not be imputed to another party to the same enterprise so as to bar the latter's recovery in an action for damages. However, the Florida Supreme Court expressly reserved the question, and presuming in the absence of a showing to the contrary that the Florida law is the same as that of Tennessee, we can look to the Tennessee cases to resolve this question.

█ It is well settled in Tennessee that in a negligence action by one of the parties to a joint enterprise against

a third person not engaged in the enterprise, the negligence of a party to the joint enterprise may be imputed to the plaintiff so as to bar his recovery from the third party. Burris v. Ferrell Bros., 14 Tenn. App. 121, 122; Claxton v. Claxton, 16 Tenn. App. 399, 64 S. W. (2d) 854; Logwood v. Nelson, 35 Tenn. App. 639, 250 S. W. (2d) 582; Berryman v. Dilworth, 178 Tenn. 566, 160 S. W. (2d) 899. The opinions in several Tennessee cases would appear to indicate that if a joint enterprise is established the general rule of imputed negligence might be applied in an action between the joint entrepreneurs. Berryman v. Dilworth, supra; Pikeville Fuel Co. v. Marsh, 34 Tenn. App. 82, 232 S. W. (2d) 789; Schwartz v. Johnson, 152 Tenn. 586, 280 S. W. 32, 47 A.L.R. 323. However, no Tennessee decision has been found where, in an action between joint entrepreneurs, the Court has held the negligence of one to be imputed to the other. This proposition was carefully considered but rejected by the Middle Section of our Court of Appeals in the case of Chumley v. Anderton, 20 Tenn. App. 621, 103 S. W. (2d) 331, 336, in which the Court said:

"The question here involved seems not to have been definitely ruled in Tennessee; but we see no good reason why one joint entrepreneur should not be held liable to the other for the consequences of his negligence when the negligence could not have been reasonably anticipated and the injured person had no opportunity to exercise control over the movements of the car."

After referring to authorities from other jurisdictions the Court said further:

"The rule deduced from these authorities is that though occupants of an automobile are engaged in a

joint enterprise, the driver owes to the others the duty of exercising due care; and that for a violation of this duty he is liable to them—just as one partner would be liable to another, or an agent would be liable to his principal, for wrongs inflicted upon the person or property of the one seeking to recover. *In other words, his negligence is not imputable to his joint adventurer, or entrepreneur, as between themselves.''* (Emphasis supplied.)

The weight of authority in other jurisdictions seems to support the above rule. See 38 Am. Jur., Sec. 238, p. 925; 5 Am. Jur., Secs. 501, 502, pp. 787, 788; Annotations, 62 A.L.R. 440, 85 A.L.R. 630; Blashfield's Encyclopedia of Automobile Law, Vol. 4, Part 1, Sec. 2373, p. 501.

It therefore was error for the Trial Judge to instruct the jury, in substance, that if they should find that at the time of the accident in question the defendant and the deceased were engaged in a joint enterprise, then the negligence of the defendant would be imputed to the plaintiff so as to bar his recovery.

For reasons indicated, the judgment below will be reversed and the case will be remanded for a new trial. The costs accruing in this court will be taxed against the defendant, and all the costs accruing below will be taxed upon the retrial of the case.

McAmis, P. J., and Hale, J., concur.