## Hyden's Administrator, et al. v. Stearns Coal & Lumber Company.

(Decided December 4, 1917.)

### Appeal from McCreary Circuit Court.

Master and Servant—Death of Miner—Negligence of Mine Owner —Question for Jury.—In an action for the death of a miner caused by falling slate, evidence examined and held to sustain a verdict in favor of the defendants.

JOHN W. SAMPSON, JOHN PERKINS, JOHN W. RAWLINGS and ROBERT HARDING for appellants.

WILLIAM WADDLE and O. H. WADDLE & SON for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Harder Hyden, an employee of the Stearns Coal and Lumber Company, was killed by falling slate and his administrator brought this suit against that company and others to recover damages for his death. From a verdict and judgment in favor of defendants, plaintiff appeals.

At the time of the accident, plaintiff was engaged in the work of pulling stumps on the main entry. At a point about eighty feet further away from the mouth of the entry, one Robert Gaines was engaged in mining coal and pulling a stump about 20 feet square. According to the evidence for the plaintiff, Hyden went to Gaines' working place to find out what time it was and to ascertain if Gaines and others were ready to shoot. Gaines had removed the coal for a distance of about 15 feet from the entry. After Hyden had been there from two to five minutes, a very large piece of slate extending from the entry up to the face of the coal fell and killed Hyden. While several witnesses testified that the slate extended out into the entry, and that the entry was not propped, and that Hyden was near the side of the entry when the slate fell, other witnesses testified that Hyden was five or six feet from the entry when he was struck and that his body was found there.

It is insisted for plaintiff that the finding of the jury was flagrantly against the evidence, because practically all of the witnesses agreed that a part of the slate fell from the entry and that the entry was not properly

propped. While this may be true, it must be remembered that the company was under no duty to prop the roof in Gaines' working place. That duty devolved upon Gaines. Hence, if Hyden was not in the entry when he was struck, but was several feet from the entry, it was for the jury to say whether the failure of the company to use ordinary care to keep and maintain the roof of the entry in a reasonably safe condition, was the proximate cause of his injuries, and this issue having been submitted by an instruction that is not subject to complaint, we are not prepared to say that the jury's finding is not sustained by the evidence.

Judgment affirmed.