McCoy *v.* Willis *et al.*

(*Nashville,* December Term, 1940.)

Opinion filed December 21, 1940.

COSTEN & CRABTREE, of Memphis, for plaintiff in error.

LOWELL W. TAYLOR, of Memphis, for defendants in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This suit was brought by the plaintiff to recover damages for personal injuries against Henry F. Willis, Imogene B. Willis, and Independent Ice Company. Some other parties were named as defendants, but a nonsuit was taken as to them before the case was submitted. The trial judge directed a verdict in favor of Independent Ice Company. There was a judgment against Henry F. Willis and Imogene B. Willis from which they prosecuted no appeal. The plaintiff appealed in error from the judgment in favor of Independent Ice Company. The Court of Appeals reversed the judgment below dismissing the suit as to Independent Ice Company, and remanded the case for trial as to that defendant.

Certain persons interested in ice plants in Memphis organized Independent Ice Company as a corporation for the admitted purpose of helping retail ice dealers to escape the privilege tax imposed on that business. Quite a number of retail dealers entered into the scheme.

A license was taken out by Independent Ice Company in its own name to engage in business. Automobile licenses for all the trucks operated by the retail dealers were taken out in the name of Independent Ice Company, and the business of all the retail dealers was carried on in the name of Independent Ice Company. The retail dealers would generally make a fictitious sale of their trucks to Independent Ice Company for which they would be given notes of Independent Ice Company with the understanding that these notes would never be paid. Independent Ice Company would thereupon procure automobile licenses for the trucks as above stated.

Among other retail dealers entering into this arrangement and operating their business under the name of Independent Ice Company, with the permission of that company, were defendants Henry F. Willis and Imogene B. Willis. While a truck in reality the property of these two, but appearing to be a truck of Independent Ice Company, was being driven by a Willis employee, the plaintiff herein was injured by the alleged negligent operation of that vehicle.

The trial judge was of opinion that there was no causal connection between the conduct of Independent Ice Company aforesaid and the accident and accordingly dismissed the suit as to that concern. The Court of Appeals was of opinion that Independent Ice Company was liable, if the facts indicated negligence on the part of the driver of the truck, under the authority of *United States Fidelity & Guaranty Co.* v. *Allen,* 158 Tenn., 504, 14 S. W. (2d), 724. We think the Court of Appeals was right.

In the case just mentioned the owners of a motor vehicle operated as a public conveyance sold that vehicle. They did not, as required by chapter 149 of the Acts of 1919, section 23, file notice of the sale with the county

court clerk. They had previously executed the bond required by Chapter 729 of the Private Acts of 1925, for the protection of persons and property injured by the negligent operation of a public conveyance.

It was held that the surety of the original owners was liable on this bond for damages inflicted by negligent operation of the vehicle some three weeks after it was sold and while it was being operated by the purchasers. The court denied to the registered owners the right to repudiate ownership and in substance held that permitting the conveyance to be continued in operation in the very business to which the owners had devoted and bonded it was effective to constitute the purchasers the appearent agent of the original owners. See also *Bright* v. *Neal,* 168 Tenn., 11, 73 S. W. (2d), 686, and *Biggert* v. *Power & Light Co.,* 168 Tenn., 638, 80 S. W. (2d), 90.

In the Restatement of Agency, Section 8, Comment a, it is said: "An apparent agent is a person who, whether or not authorized, reasonably appears to third persons, because of the manifestations of another, to be authorized to act as agent for such other. An apparent principal is the person for whom an apparent agent purports to act."

In Mechem on Agency, Second Edition, sections 720, 721, the learned author suggests that the expression "apparent authority" is rather unfortunate in that it does not seem to have a fixed meaning. However he distinctly recognizes that "a course of conduct as opposed to an isolated instance, at least, is undoubtedly enough to create a new authority or enlarge an existing one."

It seems to us that the course of conduct of Independent Ice Company, its manifestations, are abundantly sufficient, under these authorities, to create an agency for it on the part of those whom it authorized to do business

in its name. Certainly these retail dealers were proceeding in the business of Independent Ice Company—the business for which it was organized. The retail dealers were likewise operating just as Independent Ice Company intended they should operate. Having made them its agents, by its course of conduct, Independent Ice Company cannot say that there is no causal connection between its course of conduct and the negligent acts of such agents.

This case differs from those holding apparent agency can not be made the basis of a tort action. Here the apparent principal and the apparent agent were parties to a conspiracy to do an unlawful act. The tort was committed in prosecution of the conspiracy and all parties are liable. *Brumley* v. *Speedway and Motordrome Company,* 138 Tenn., 534, 15 C. J. S., 1028.

The petition for *certiorari* is denied.