MELBA McHENDRY v. CHARLIE ANDERSON, J. F. DICKINSON, DOROTHY JEAN KITTRELL, WILLIAM C. KITTRELL, and LEHMAN-ROBERTS COMPANY. —344 S. W. (2d) 769.

Western Section at Jackson. November 30, 1960.

Certiorari Denied by Supreme Court March 10, 1961.

Thomas F. Turley, Jr., Memphis, for petitioner.

Albert G. Riley, Memphis, for Charlie Anderson and J. F. Dickinson.

James D. Causey, Memphis, for Dorothy Jean Kittrell and Wm. C. Kittrell.

Nelson, Norvell & Floyd and John Thomason, Memphis, for Lehman-Roberts Co., respondents.

BEJACH, J. This cause has heretofore been before this Court on petition for certiorari filed by Melba Mc-Hendry, seeking to bring up her cause of action against several of the defendants, because, as it was claimed, the trial judge had erroneously denied an appeal after sustaining a demurrer to certain counts of her amended declaration as to certain defendants therein named. This Court granted the petition for the writ of certiorari; and, pursuant thereto the record of the Circuit Court of Shelby County has been sent up. The question now before us for determination is whether or not the trial judge

erred in sustaining the demurrers, and especially so with reference to the demurrer of Lehman-Roberts Company. For convenience, the parties will be referred to, as in the lower court, as plaintiff and defendants, or called by their respective names.

On September 3, 1959, plaintiff, Mrs. Melba McHendry, wife of a service man in the Millington, Tennessee Naval Base, received personal injuries in a collision at the corner of Brooks Avenue and Highway 51 S. in Shelby County, Tennessee. Mrs. McHendry was riding as a passenger in an automobile owned by defendant William C. Kittrell, driven by his wife, Dorothy Jean Kittrell, which collided with a gravel truck licensed in the name of J. F. Dickinson, which was being driven by defendant Charlie Anderson. On November 6, 1959, plaintiff brought suit in the Circuit Court of Shelby County against Charlie Anderson, J. F. Dickinson, Dorothy Jean Kittrell and William C. Kittrell. Later, she amended her declaration by adding 7th, 8th and 9th counts thereto, in which she sought punitive damages against Charlie Anderson and J. F. Dickinson and both compensatory and punitive damages against Lehman-Roberts Company, which Company had been added as a party defendant. The basis for asserting liability against Lehman-Roberts Company and for claiming punitive damages against Charlie Anderson and J. F. Dickinson, as set out in plaintiff's 7th, 8th and 9th counts, is that Lehman-Roberts Company together with J. F. Dickinson, Charlie Anderson, and other individuals whose names are unknown to plaintiff, entered into an unlawful conspiracy for the purpose of insulating Lehman-Roberts Company from the legal responsibility arising out of the use of numerous trucks used in its business, including the truck which

injured plaintiff. Said trucks, as is alleged, in further-ance of such conspiracy, are wrongfully registered in the names of J. F. Dickinson and other employees of Lehman-Roberts Company, so as to make it appear that said trucks are owned and operated by J. F. Dickinson and other employees of Lehman-Roberts Company, rather than by Lehman-Roberts Company, itself. According to the allegations of plaintiff's amended declaration, the unlawful conspiracy has for its purpose the relief of Lehman-Roberts Company from the responsibility of complying with the Unemployment Compensation Law, 26 U. S. C. A. sec. 3301 et seq., the Walsh-Healey Act, 41 U. S. C. A. sec. 35 et seq., and the Davis-Bacon Act, 40 U. S. C. A. sec. 276a et seq., thus depriving drivers of said trucks, including defendant Charlie Anderson, of the benefits of the Tennessee Workmen's Compensation Act, T. C. A. sec. 50-901 et seq., and the Social Security Act, 42 U. S. C. A. sec. 301 et seq. In furtherance of said conspiracy, it is alleged that said trucks are titled in the names of employees of Lehman-Roberts Company and other persons unknown to plaintiff, registered in their names under minimum license fees, said trucks being designated as "Not for Hire", as if being used by the licensees for hauling as "Private Haulers" on their own individual business, and without effort or intent to comply with the statutes and regulations requiring vehicles bona fide leased by the true owners of same, to qualify as "Contract Haulers" and submit, in the public interest, to regulation and supervision of the Public Service Com-mission and the Interstate Commerce Commission. In-deed, as is alleged, that scheme has as one of its many faceted purposes, the purpose and intent of circumvent-ing and nullifying the provisions of said statutes and the

regulations adopted pursuant thereto, with consequent advantage to Lehman-Roberts Company and J. F. Dickinson, together with resulting damages to others, including plaintiff.

Lehman-Roberts Company, Charlie Anderson and J. F. Dickinson demurred to the 7th, 8th and 9th counts of plaintiff's amended declaration, and these demurrers were sustained by Judge Hastings of Division VI of the Shelby County Circuit Court. Lehman-Roberts Company's demurrer is to the whole cause of action against it, whereas the demurrer of Charlie Anderson and J. F. Dickinson is limited to the claim of punitive damages against them. These demurrers were sustained; and, as stated above, Judge Hastings denied an immediate appeal to plaintiff. This denial of appeal was corrected by our grant of the writ of certiorari, which brings before us, at this time, the ruling on the demurrers.

In this Court, plaintiff has assigned errors complaining of the lower court's action in sustaining the demurrer of defendants Anderson and Dickinson to the 7th count of plaintiff's declaration, and dismissing that count as to them; and of its action in sustaining the demurrer of Lehman-Roberts Company and dismissing the entire cause of action as to it. Defendants Dorothy Jean Kittrell and William C. Kittrell are not involved in this Court, at this time.

Black's Law Dictionary, Fourth Edition, defines conspiracy as:

"A combination or confederacy between two or more persons formed for the purpose of committing, by their joint efforts, some unlawful or criminal act, or some act which is innocent in itself, but becomes

unlawful when done by the concerted action of the conspirators, or for the purpose of using criminal or unlawful means to the commission of an act not in itself unlawful.''

This definition of conspiracy, or one substantially identical therewith, has been adopted by our Supreme Court in McKee v. Hughes, 133 Tenn. 455, 181 S. W. 930, L. R. A. 1916D, 391, and in Brumley v. Chattanooga Speedway and Motordrome Co., 138 Tenn. 534, 198 S. W. 775.

Since the plaintiff's amended declaration is before us on demurrer, all matters of fact therein alleged, as well as all reasonable, legitimate and natural inferences to be drawn therefrom must be considered by us as if same had been established by competent evidence. Farris v. Yellow Cab Co., 189 Tenn. 46, 222 S. W. (2d) 187; Buice v. Scruggs Equipment Co., 194 Tenn. 129, 250 S. W. (2d) 44. In the instant case, therefore, Lehman-Roberts Company, Charlie Anderson, and J. F. Dickinson must, for the purpose of our decision in this case, be held guilty of conspiring as is alleged. Such allegations against them being taken as true, they cannot be permitted to escape liability by carrying out the scheme which it is alleged they have undertaken for the purpose of enabling them to avoid compliance with the several laws enumerated.

In the recent case of Clendening v. London Insurance Co., 206 Tenn. 601, 336 S. W. (2d) 535, it was held by the Supreme Court that a contractor could not escape liability for himself and his insurance company, under the Workmen's Compensation Law, in favor of sub-contractors and their employees, by taking title to the property

on which the contractor was building a house, thereby claiming to be building as owner and not as general contractor. In the instant case, a similar intent to evade the various laws is alleged against the demurrants, although the laws sought to be evaded are different. Nevertheless, in our opinion, the principle is the same, and if a general contractor cannot escape responsibility under the Workmen's Compensation Act for liability in favor of subcontractors and their employees, neither can Lehman-Roberts Company, in the instant case, be permitted to escape responsibility under the various Acts referred to in plaintiff's amended declaration.

But, it is insisted, on behalf of defendants Lehman-Roberts Company, Charlie Anderson, and J. F. Dickinson, that even if they are guilty of conspiring as is alleged in plaintiff's amended declaration, their conspiracy constituted no part of the proximate cause of the injury to plaintiff, and, consequently, in the absence of causal connection, the trial judge properly sustained their demurrers. In answer to this contention, counsel for plaintiff cites the case of McCoy v. Willis, 177 Tenn. 36, 40, 145 S. W. (2d) 1020, and the unreported decision of this Court on a second appeal in that case. There, the lessee of an ice plant and a group of peddlers conspired to organize a dummy corporation, called the Independent Ice Company, which corporation took out in its name a manufacturer's privilege license, after which titles to trucks owned by individual peddlers were conveyed to the corporation and licenses for them were taken out under the manufacturer's privilege license of the corporation. This was for the purpose of evading the retail privilege licenses on the individual peddlers' trucks. As an incidental part of this scheme, the peddlers would buy their

ice from the lessee of the ice plant. A child was seriously injured by negligence of the driver of one of the peddlers' trucks, and suit for damages against some of the conspirators followed, including the Independent Ice Company, the corporate conspirator. At the trial, the judge directed a verdict in favor of the Independent Ice Company. On appeal, this was reversed and the Supreme Court, speaking through Mr. Chief Justice Green, said:

"This case differs from those holding apparent agency cannot be made the basis of a tort action. Here the apparent principal and the apparent agent were parties to a conspiracy to do an unlawful act. The tort was committed in prosecution of the conspiracy and all parties are liable. Brumley v. [Chattanooga] Speedway and Motordrome Co., 138 Tenn. 534, [198 S. W. 775], 15 C. J. S. [Conspiracy sec. 17], 1028." McCoy v. Willis, 177 Tenn. 40, 145 S. W. (2d) 1020.

After remand and a second trial of the case, an appeal was taken to this Court. From the unreported opinion of this Court, written by its late Presiding Judge, Hu. C. Anderson, we quote, as follows:

"After all is said, the basis for liability comes down to a very simple proposition about which there is no dispute in the evidence and none in the law. It is that the Ice Company promoted and itself entered into a conspiracy to do an unlawful act, namely to sell ice in violation of the law. That was the object of the conspiracy. The registration of the cars in the name of the ice company was simply one of the steps by which the evasion of the law was carried out. The ultimate basis of liability was not the evidence

with respect to that fact. It only went to prove the conspiracy and raise the statutory presumption which was only prima facie as the defendant contends. The controlling fact was that the tort was committed by another party to the same conspiracy while engaged in an act in furtherance of the object of the illegal agreement. This being true, all of the conspirators are liable." McCoy v. Willis, Unreported Decision of Court of Appeals on Second Appeal.

██ On behalf of Lehman-Roberts Company, it is insisted that liability was imposed in McCoy v. Willis on the ground of apparent or ostensible agency, and its counsel points out that McCoy v. Willis has been cited for that proposition of law in Rural Educational Association v. Bush, 42 Tenn. App. 34, 298 S. W. (2d) 761, and in Rich Printing Co. v. McKellar's Estate, 46 Tenn. App. 444, 330 S. W. (2d) 361. In those cases it is cited for that proposition, and for that proposition only; but, in the instant case, it is cited, with equal appropriateness of application, for the proposition that where a tort is committed by one party to a conspiracy, all conspirators are equally liable.

 is true the Supreme Court, on the question of causal connection or lack of it, held in Black v. Morse, 135 Tenn. 73, 185 S. W. 682, L. R. A. 1916E, 1216, that because of lack of causal connection, the failure of the owner of an automobile to register same as required by law, did not impose liability. In that case, however, no conspiracy was involved, the violation of law being exclusively that of the owner of the automobile. In the instant case, however, just as in the case of McCoy v. Willis, the operation of the ice truck which injured plaintiff was

an integral part of the conspiracy, the gravel truck which injured plaintiff, as is alleged in plaintiff's amended declaration, must be held to be an integral part of the conspiracy, and the law is settled that, in the case of a conspiracy, all conspirators are equally liable.

Some of the statutes sought to be avoided by the conspiracy alleged in plaintiff's amended declaration are: T. C. A. sec. 59-102 et seq., the "Motor Vehicle Title and Registration Law"; T. C. A. sec. 59-401, dealing with "Registration and Licensing of Motor Vehicles"; T. C. A. sec. 59-423, regulating fees for "Private Carriers" and "Public Carriers"; Section 65-1501 et seq., T. C. A., dealing with "Motor Carriers and Contract Haulers"; T. C. A. sec. 50-901 et seq., "The Workmen's Compensation Law", and T. C. A. sec. 50-1301, the "Employment Security Law". Also, it is claimed the conspiracy undertakes to avoid compliance with the following Federal laws, namely, the "Federal Unemployment Tax Act" 26 U. S. C. A. sec. 3301 et seq., and the "Social Security Act", 42 U. S. C. A. sec. 401, et seq.

For the reasons hereinabove stated, the assignments of error filed in this Court by plaintiff, Melba McHendry, will be sustained, the judgment of the Circuit Court of Shelby County sustaining the demurrers of Lehman-Roberts Company, Charlie Anderson and J. F. Dickinson will be reversed, and this cause will be remanded to the Circuit Court of Shelby County for further proceedings in conformity with this opinion.

The costs of the appeal will be adjudged against the defendants, Lehman-Roberts Company, Charlie Anderson, and J. F. Dickinson.

Avery, P. J. (W. S.), and Carney, J., concur.