**Jill CARPENTER, b/n/f John Carpenter and John Carpenter, Individually**

v.

**TECHNIBILT CORP., National Automobile Parts Assoc., General Automobile Parts Corp., Genuine Parts Corporation**

Civ. No. 3–80–268.

United States District Court, E. D. Tennessee, N. D.

Oct. 3, 1980.

Gilreath, Pryor & Rowland, Knoxville, Tenn., Gene Worthington, Madisonville, Tenn., for plaintiffs.

Shannon D. Faulkner, III, Jack B. Draper, C. Michael Conroy, Jonathan H. Burnett, Knoxville, Tenn., for defendants.

### MEMORANDUM

ROBERT L. TAYLOR, District Judge.

In this products liability action, plaintiff seeks damages for enhancement of injuries she received in an automobile accident allegedly due to a dangerously defective custom steering wheel. She bases her action on strict liability in tort and breach of express and implied warranties. She has joined as defendants Technibilt Corpora-

tion, the manufacturer of the steering wheel, and the National Automotive Parts Association (NAPA), one of whose member outlets sold the steering wheel to plaintiff. NAPA has moved to dismiss or for summary judgment.

The first ground of defendant NAPA's motion, inadequate service of process, was overruled by this Court at the pre–trial conference held on September 22, 1980.

NAPA also claims, with support from accompanying affidavits, that the steering wheel was not a NAPA brand product and that it had no connection with either the design, manufacture or sale of the steering wheel. The affidavit of Robert E. McKenna, an officer of NAPA, states that NAPA is a "Michigan non–profit membership corporation," and that

> the function of NAPA is to develop marketing and advertising programs for its members which operate warehouse distribution centers for automotive parts, supplies and accessories throughout the United States. NAPA itself neither purchases, sells, designs, manufactures or otherwise deals in any automotive parts or supplies or other merchandise. (Affidavit of Robert E. McKenna)

Member dealers are allowed to display the NAPA logo at their stores thereby taking advantage of NAPA's extensive advertising program. They also are granted access to NAPA's channels of distribution of automotive parts. However, they are not precluded from stocking and selling products which are not connected with NAPA. (Affidavits of James E. Aiken and Dewayne Powell).

Plaintiff concedes that NAPA was not the manufacturer of the steering wheel. She argues, however, that because the dealer from whom she purchased the steering wheel displayed the NAPA sign at his store, he is clothed with apparent authority to bind NAPA to liability arising from the *sale* of even non–NAPA products. Citing *McCoy v. Willis*, 177 Tenn. 36, 145 S.W.2d 1020 (1940). Plaintiff thus argues that by virtue of their relationship, NAPA must be liable as the seller.

It is clear that under the Tennessee Products Liability Act of 1978 (the Act), T.C.A. §§ 23–3701 *et seq.*, plaintiffs' claim against NAPA cannot stand insofar as it is based on strict liability in tort. Section 23–3706(b) provides that no products liability action based on the doctrine of strict liability in tort may be maintained against the seller of a product who is not also the manufacturer unless the manufacturer is not subject to service of process in Tennessee or has been judicially declared insolvent. Here, the manufacturer, Technibilt Corporation, has been served and has filed an answer, and there is no showing in the record that Technibilt Corporation has been judicially declared insolvent.

However, plaintiff also bases her action on theories of express and implied warranties. While the Court has some doubt whether plaintiff will be able to ultimately prevail on these theories, defendant NAPA has not established the absence of any material issues of fact with respect to the warranty claims.

Accordingly, it is ORDERED that the motion of defendant NAPA for summary judgment be, and the same hereby is, denied.

Order Accordingly.